| | |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. GOMEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00125-LJO-SAB (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT SWANSON, ROMERO, AND M. POMOA SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF No. 16] |

Plaintiff Mark Shane Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claim against Defendants A. Gomez, E. Weiss, Y. Sazo, C. Gray, J. Busby, Rodriguez, and J. Doe Nos 1 and 2 for excessive force.

The United States Marshal was not able to locate or identify Defendant Rodriguez, and service was returned un-executed on April 30, 2018. The following information was provided by the Marshal in the remarks of the unexecuted summons: "The CDC is unable to identify a Rodriguez working at the facility during the time specified." (ECF No. 16) Accordingly, more information is needed to identify and serve this Defendant.

///

1

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendants Swanson, Romero and M. Pomoa. Plaintiff shall be provided with an opportunity to show cause why these Defendants should not be dismissed. Fed. R. Civ. P. 4(m). Plaintiff may comply with this order by providing further information sufficient to identify these Defendants for service of process. If Plaintiff either fails to respond to this order or responds but fails to show cause, these Defendants shall be dismissed from this action, without prejudice.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendants Swanson, Romero and M. Pomoa should not be dismissed from this action; and

///

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendants Swanson, Romero and M. Pomoa from this action.

IT IS SO ORDERED.

Dated: __**May 7, 2018**__  _____
UNITED STATES MAGISTRATE JUDGE