UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>            Plaintiff,<br><br>       v.<br><br>A. GOMEZ, et al.,<br><br>            Defendants. | Case No.: 1:18-cv-00125-LJO-SAB (PC)<br><br>SECOND SERVICE ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHAL ON DEFENDANT RODRIGUEZ<br><br>[ECF Nos. 16, 22] |

  Plaintiff Mark Shane Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  This action is proceeding on Plaintiff's claim against Defendants A. Gomez, E. Weiss, Y. Sazo, C. Gray, J. Busby, Rodriguez, and J. Doe Nos 1 and 2 for excessive force.

  On April 27, 2018, the directed the United States Marshal to serve Defendants without prepayment of costs.

  The United States Marshal was not able to locate or identify Defendant Rodriguez, and service was returned un-executed on April 3o, 2018.  Therefore, on May 8, 2018, the Court ordered Plaintiff to show cause why Defendant Rodriguez should not be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff filed a response to the order to show cause on June 7, 2018. (ECF No. 22.) Plaintiff has provided additional information to assist with the identification of Defendant Rodriguez. (Id.) Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. The Clerk of Court shall forward a copy of Plaintiff's response to the order to show which provides additional information as to Defendant Rodriguez (ECF No. 22).

2. Within ten days from the date of this order, the Marshals Service is directed to notify the following Defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

> **RODRIGUEZ-Correctional Officer at California Correctional Institution (CCI) on May 30, 2017, who escorted Plaintiff to the administrative segregation unit between 8:00 and 10:00 p.m. Officer Rodriguez also worked third watch in the administrative segregation unit approximately three times a week until Plaintiff was transferred from CCI.**

3. The Marshal Service shall file the returned waivers of service, or the requests for waiver of service if returned as undelivered, once received.

4. The Marshals Service shall command all necessary assistance from the CDCR and from the Litigation Coordinator at CCI to identify and locate the above Defendant for service.

5. If a waiver of service is not returned by a Defendant within sixty days of the date of mailing the request for waiver, the Marshals Service shall:

    a. Personally serve process and a copy of this order upon the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from the CDCR to execute this order. In executing this order, the Marshals Service shall contact the CDCR if employees at CCI are unable to assist in identifying and/or locating any of the above Defendants. The Marshals Service shall maintain the confidentiality of all information provided by CCI and the CDCR pursuant to this order.

    b. Within ten days after personal service is effected, the Marshals Service shall file the return of service, along with evidence of any attempts to secure a waiver of service of process and

of the costs subsequently incurred in effecting service. These costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against each personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. In the event that a Defendant either waives service or is personally served, the Defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **June 11, 2018**

UNITED STATES MAGISTRATE JUDGE