# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. GOMEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00125-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE UNTIL CRIMINAL CASE IS RESOLVED<br><br>[ECF No. 28] |

Plaintiff Mark Shane Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to stay the action pending disposition of the criminal case against Plaintiff, filed June 26, 2018. Plaintiff did not file an opposition and the time period to do so has expired. Local Rule 230(l). Accordingly, Defendants' motion to stay the instant action is deemed submitted for review without oral argument. Id.

**I.**

**DISCUSSION**

This action is proceeding against Defendants A. Gomez, E. Weiss, Y. Sazo, C. Gray, J. Busby, Rodriguez, and J. Doe Nos 1 and 2 for excessive force regarding an incident which took place on May 30, 2017, at the California Correctional Institution in Tehachapi, California.

1

Defendants submit evidence that the May 30, 2017, incident resulted in criminal charges against Plaintiff that are still pending in the Kern County Superior Court. (Mot. at 1, Declaration of David A. Carrasco, Exs. 4, 5, 7.) Defendants argue that under the "favorable termination" rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994), if Plaintiff is convicted of the criminal charges, he may be barred from pursuing this action, and the Court should therefore stay the action until the criminal charges are resolved.

The United States Supreme Court has held that Heck "is called into play only when there exists 'a conviction or sentence that has not been … invalidated,' that is to say, an 'outstanding criminal judgment.'" Wallace v. Kato, 549 U.S. 384, 393 (2007). Heck does not require dismissal of claims that would "impugn an anticipated future conviction." Id.; see also Hopkins v. Contra Costa Cty. Sheriff Dep't, No. C 12-0415 LHK (PR), 2012 WL 2063112, at *2 (N.D. Cal. June 7, 2012) ("Heck does not apply if plaintiff has only been arrested or charged, not convicted."). The Wallace court held that such a rule would require "the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in a conviction, and whether the pending civil action will impugn that verdict…all this at a time when it can hardly be known what evidence the prosecution has in its possession." Wallace, 549 U.S. at 393.

However, the Wallace court also held that "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. Because the question of whether a section 1983 action is barred by Heck is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, a stay may be appropriate until such time as the underlying criminal proceedings are conducted. Id. "If the plaintiff is ultimately convicted, and if the stayed civil action would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." Id. at 393 (citation omitted).

In this instance, Plaintiff claims that on May 30, 2017, during a search of Plaintiff, Gomez slammed him to the concrete grounds, and Weiss, Sazo, Gray and Busby attacked and battered him.

2

The same incident resulted in Plaintiff being charged with a Rules Violation for battery on an officer (namely, Gomez). (Carrasco Decl. ¶ 3, Ex. 2.)[1] The Rules Violation was referred to the Kern County District Attorney for possible criminal prosecution. (Id. ¶ 5, Ex. 4). The District Attorney accepted the referral. (Id. ¶ 6, Ex. 5.) Plaintiff criminal case for battery on an officer and obstruction is pending before the Kern County Superior Court, Case MF012783A, and is scheduled for jury trial on October 22, 2018. (Id. ¶ 8, Ex. 7.)

In this instance, the Court finds that stay of the action is the appropriate remedy because if Plaintiff is convicted of the pending criminal charges, this action may be barred by Heck.[2]

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant action is stayed pending resolution of Plaintiff's criminal case; and

2. Defendants shall file a status report on **October 23, 2018**, unless the criminal case is resolved before the trial date, at which time Defendants shall promptly notify the Court.

IT IS SO ORDERED.

Dated: __July 30, 2018__

UNITED STATES MAGISTRATE JUDGE

---

[1] The favorable-terminate rule from Heck has also been extended to bar a prisoner's civil rights action if success would imply the invalidity of a disciplinary violation, and conviction extends the prisoner's sentence (by loss of good-time credits). Edwards v. Balisok, 520 U.S. 641, 648 (1997). In this instance, no credit loss was imposed on Plaintiff after he was found guilty of the Rules Violation Report for battery on an officer, because the hearing was not held within 30 days of Plaintiff being served with copies of the RVR. (Carrasco Decl. ¶ 4, Ex. 3 at 2.)

[2] It is possible that even if Plaintiff is eventually convicted, Plaintiff's claims will not be barred under Heck in its entirety to the extent the facts underlying the conviction and the civil claims do not overlap. See Hooper v. Cty of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) (finding excessive force claims not barred by Heck "when the conviction and the [section] 1983 claim are based on different actions during 'one continuous transaction.'"). However, the extent of any overlap and the scope of the Heck bar can only be determined after a conviction occurs. See Hopkins, 2012 WL 2063112, at *2 ("In cases such as this one, where there is no extant conviction, it is appropriate to follow the [United States] Supreme Court's suggestion and stay the case.").

3