1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 MARK SHANE THOMPSON, | ) Case No.: 1:18-cv-00125-LJO-SAB (PC) |
| 12 Plaintiff, | ) |
| 13 v. | ) FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT RODRIGUEZ PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m) |
| 14 A. GOMEZ, et al., | ) |
| 15 Defendants. | ) [ECF Nos. 22, 23, 24, 25, 26] |
| 16 | ) |

17    Plaintiff Mark Shane Thompson is appearing pro se and in forma pauperis in this civil rights

18 action pursuant to 42 U.S.C. § 1983.

19                                                            **I.**

20                                                   **DISCUSSION**

21    This action is proceeding on Plaintiff's claim against Defendants A. Gomez, E. Weiss, Y.

22 Sazo, C. Gray, J. Busby, Rodriguez, and J. Doe Nos 1 and 2 for excessive force.

23    On April 27, 2018, the directed the United States Marshal to serve Defendants without

24 prepayment of costs.

25    The United States Marshal was not able to locate or identify Defendant Rodriguez, and service

26 was returned un-executed on April 30, 2018.  Therefore, on May 8, 2018, the Court ordered Plaintiff

27 to show cause why Defendant Rodriguez should not be dismissed, without prejudice, pursuant to

28 Federal Rule of Civil Procedure 4(m).

Plaintiff filed a response to the order to show cause on June 7, 2018, and provided additional information to assist with the identification of Defendant Rodriguez. (ECF No. 22.)

On June 13, 2018, the Court issued a second order directing service on Defendant Rodriguez with the additional information provided by Plaintiff. (ECF No. 23.)

On June 14, 2018, service was again returned unexecuted. (ECF No. 24.) The Marshal along with the assistance of the Litigation Coordinator at the California Correctional Institution have been unable to identify Defendant Rodriguez with the information provided by Plaintiff. The Litigation Coordinator provided the employee work history sheets for each employee with the last name Rodriguez which reflect that no Officer Rodriguez was working on the facility and date in question (May 30, 2017).[1]

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information

---

[1] In order to protect the identify of non-party individuals, the Court ordered the employee work history sheets to be filed under seal. (ECF No. 24.)

to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. <u>Walker</u>, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendant Rodriguez. It is Plaintiff's obligation to proceed information necessary to identify and locate a given defendant—which Plaintiff has not done and is apparently unable to do. Accordingly, dismissal of Defendant Rodriguez, without prejudice, for failure serve is warranted.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Rodriguez be dismissed from the action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **December 19, 2018**

UNITED STATES MAGISTRATE JUDGE

3