# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>A. GOMEZ, et al.,<br><br>Defendants. | Case No.: 1:18-cv-00125-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL<br><br>[ECF No. 50] |

Plaintiff Mark Shane Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to compel, filed June 28, 2019.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendants Gomez, Busby, Gray, Sazo, Weiss, and Does 1 and 2 for excessive force in violation of the Eighth Amendment.[1]

On June 26, 2018, Defendants Gomez, Busby, Gray, Sazo and Weiss filed a motion to stay the action pending disposition of a criminal case against Plaintiff. On July 30, 2018, the Court granted

---

[1] Plaintiff has not identified or served either of the Doe Defendants.

1

Defendants' request and the case was stayed. On December 18, 2018, the Court lifted the stay and directed Defendants to respond to the complain within thirty days.

Defendants filed an answer to the complaint on January 17, 2019. On January 18, 2019, the Court issued the discovery and scheduling order.

On March 11, 2019, the Court referred to the case to post-screening Alternative Dispute Resolution, stayed the case for seventy-five days, and set the case for settlement conference on May 16, 2019.

After the case did not settle, the Court lifted the stay and issued an amended discovery and scheduling order on May 17, 2019.

As previously stated, on June 28, 2019, Defendants filed a motion to compel responses to discovery. Plaintiff did not file an opposition, and the time to do so has expired. Local Rule 230(l). Accordingly, Defendants' motion is deemed submitted without oral argument. (Id.)

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable

information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3; Mitchell v. Felker, 2010 WL 3835765, at *2; Ellis v. Cambra, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant;

3

therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

In their motion to compel, Defendants submit that on January 29, 2019, each of them served Plaintiff with a set of interrogatories seeking to discover information related to Plaintiff's claims. (Declaration of Arthur B. Mark III ["Mark Decl."] in Support of Defs.' Mot. to Compel ¶ 2, Ex. A; ECF No. 50-2.) Plaintiff sought and was granted an extension of time to respond until May 2, 2019. (ECF No. 41.) Plaintiff did not respond to Defendants' interrogatories by May 2, 2019 and had not responded by the time the Court had lifted the stay. (Mark Decl. ¶¶ 3-4.) Defendants sent Plaintiff a letter on May 23, 2019 requesting that he respond to the interrogatories by June 5, 2019. (Mark Decl., Ex. B.) Defendants advised Plaintiff if they did not receive responses by June 5, 2019, a motion to compel would be filed. (Id.) To date, Defendants have not received responses from Plaintiff. (Mark Decl. ¶ 5.) Given Plaintiff's complete failure to respond to the discovery requests, Defendants' motion to compel Plaintiff to respond to each of Defendants' first set of interrogatories is granted.

## III.
## CONCLUSION AND ORDER

Plaintiff is reminded of the failure to comply with a Court order, including the Court's discovery and scheduling order may result in the imposition of sanctions and dismissal of the action.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to compel discovery is GRANTED;
2. Plaintiff shall respond to Defendants' interrogatories-set one no later than **September 8, 2019**; and

///
///
///
///
///

4

3. Plaintiff is admonished that his failure to comply with this order and any other order of the Court-including the scheduling order-may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110.

IT IS SO ORDERED.

Dated: **August 8, 2019**

UNITED STATES MAGISTRATE JUDGE