1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   MARK SHANE THOMPSON,                    )   Case No.: 1:18-cv-00125-LJO-SAB (PC)
                                             )
12                   Plaintiff,              )
                                             )   ORDER TO SHOW CAUSE WHY DOE
13         v.                                )   DEFENDANTS SHOULD NOT BE
                                             )   DISMISSED
14   A. GOMEZ, et al.,                       )
                                             )
15                   Defendants.             )
                                             )
16   _____)

17         Plaintiff Mark Shane Thompson is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19         This action is proceeding against Defendants Gomez, Busby, Gray, Sazo, Weiss, and Does 1

20   and 2 for excessive force in violation of the Eighth Amendment

21         As Plaintiff was advised in the Court's February 12, 2018, order, "[t]he Court cannot order

22   service of a Doe defendant because the United States Marshal cannot serve a Doe

23   Defendant.  Therefore, before the Court orders the United States Marshal to serve a Doe Defendant,

24   Plaintiff will be required to identify him or her with enough information to locate the defendant for

25   service of process.  The United States Marshal cannot initiate service of process on unknown

26   Defendants.  Plaintiff will be given an opportunity through discovery to identify the unknown (Doe)

27   Defendants. Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti,

28   629 E.2d 637, 642 (9th Cir. 1980)).  Once the identity of a Doe Defendant is ascertained, the Plaintiff

                                             1

must file a motion to amend his complaint only to identify the identified Doe Defendant so that service by the United States Marshal can be attempted. Therefore, the Court will send Plaintiff the appropriate service documents at such time that Plaintiff ascertains the identities of the Doe Defendants. However, if Plaintiff fails to identify the Doe Defendant during the course of the discovery, the Doe Defendant will be dismissed from this action." (Order at 8, n.1, ECF No. 8.)

A court may dismiss a defendant, a claim or an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In this instance, the deadline to amend the pleadings, and the discovery cut-off deadline have passed (ECF No. 47) without Plaintiff filing anything to indicate that he has ascertained the true name of Does 1 and 2.

Accordingly, IT IS HEREBY ORDERED that within **twenty-one (21)** days of the date of service of this order, Plaintiff shall show cause why Does 1 and 2 and all claims against him/her should not be dismissed for Plaintiff's failure to prosecute this action against Does 1 and 2 by identifying and substituting his/her true name in this action. The failure to comply with this order and/or or show good cause will result in the dismissal of Does 1 and 2.

IT IS SO ORDERED.

Dated:   **December 11, 2019**

_____
UNITED STATES MAGISTRATE JUDGE