UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>A. GOMEZ, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00125-LJO-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>[ECF No. 57]<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO AMEND BE GRANTED, AND DISMISSING DEFENDANT JOHN DOE NUMBER __ FOR FAILURE TO IDENTIFY AND SERVE<br><br>[ECF Nos. 57, 58] |

Plaintiff Mark Shane Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend to substitute Doe Defendant Number 1 as D. Johnson,[1] a correctional sergeant at California Correctional Institution Facility 4B, filed December 31, 2019. (ECF No. 58.) Plaintiff also requests to dismiss Doe Defendant Number 2 because he is unable to identify the individual.

///

---

[1] Plaintiff's handwriting is difficult to read, but as best the Court can decipher the name of the Doe Defendant Number 1 is D. Johnson. (ECF No. 58.)

1

# I.

# RELEVANT BACKGROUND

This action is proceeding against Defendants Gomez, Busby, Gray, Sazo, Weiss, and Does 1 and 2 for excessive force in violation of the Eighth Amendment.

On January 17, 2019, Defendants Gomez, Busby, Gray, Sazo, and Weiss filed an answer to the complaint. (ECF No. 36.) On January 18, 2019, the Court issued the discovery and scheduling order. (ECF No. 37.) An amended discovery and scheduling order was issued on May 17, 2019, after an unsuccessful settlement conference. (ECF No. 47.)

On December 12, 2019, the Court issued an order to show cause why Doe Defendants Numbers 1 and 2 should not be dismissed for failure to identify and serve pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 57.)

As previously stated, on December 31, 2019, Plaintiff filed a motion to amend to substitute Doe Defendant Number 1 as D. Johnson, and to dismiss Doe Defendant Number 2. (ECF No. 58.) Defendants did not file an opposition and the time to do so has now expired. Accordingly, Plaintiff's motion to amend is deemed submitted without oral argument. Local Rule 230(l).

# II.

# DISCUSSION

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the

court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Here, there is no evidence that Plaintiff was not diligent in ascertaining the discovery of Doe Defendant Number 1, and there is no evidence that Defendants will be prejudiced. Accordingly, the Court finds good cause to allow amendment, at this juncture.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

It is clear that Plaintiff seeks leave to amend solely to identify the Doe Defendant Number 1, as D. Johnson.[2] Even if there was some delay in bringing the motion to amend, mere delay does not equate to bad faith on the part of Plaintiff, and there is no basis to support a finding that Plaintiff intentionally delayed filing a motion to amend. See Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006) ("A party 'demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'") (citing Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)); see also Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973) (undue delay, alone is insufficient to deny leave to amend the pleadings). In addition, given there is no evidence that

---

[2] When a plaintiff learns of the identity of a Doe defendant through discovery or other means, he may move to file an amended complaint to add the newly-named defendant. Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003); see also Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013). Indeed, the failure to afford a plaintiff such opportunity is error. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

3

Plaintiff failed to exercise due diligence in ascertaining the identity of Doe Defendant Number 1 and there is no showing of prejudice to Defendants, Plaintiff's motion to amend the complaint should be granted.[3,4]

In his motion to amend, Plaintiff also concedes to dismissal of Doe Defendant Number 2 for failure to identify and service pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 58.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22. The 90-day deadline under Rule 4(m) applies to service on Doe Defendants. See Ticketmaster L.L.C. v. Prestige Entm't W., Inc., 315 F.Supp.3d

---

[3] The time necessary for service and a response to the complaint will likely require a further schedule modification, but it is premature to address that matter now.

[4] In light of the procedural posture of this case and Plaintiff's pro se status, the Court finds the most efficient and prudent course is to substitute the name of Defendant "D. Johnson" in place of Doe Defendant Number 1 as identified in the operative complaint, in lieu of filing a first amended complaint.

4

1147, 1158 (C.D. Cal. 2018); <u>Tabi v. Doe</u>, No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline). Because Plaintiff has conceded to dismissal of Doe Defendant Number 2, and nothing in the record demonstrates that this Doe Defendant can be identified, or that service can be accomplished. Accordingly, dismissal of Doe Defendant Number 2 is warranted.

## III.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the order to show cause issued on December 12, 2019 (ECF No. 57), is VACATED.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend the complaint to substitute the identity of Doe Defendant Number 1 as D. Johnson be granted; and

2. Doe Defendant Number 2 be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 24, 2020**__

UNITED STATES MAGISTRATE JUDGE