UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>A. GOMEZ, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00125-NONE-SAB (PC)<br><br>ORDER GRANTING DEFENDANT JOHNSON'S MOTION TO COMPEL<br><br>(ECF No. 69) |

Plaintiff Mark Shane Thompson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Johnson's motion to compel, filed August 11, 2020. (ECF No. 69.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Gomez, Busby, Gray, Sazo, Weiss, and Does 1 and 2 for excessive force in violation of the Eighth Amendment.

On January 17, 2019, Defendants Gomez, Busby, Gray, Sazo, and Weiss filed an answer to the complaint. (ECF No. 36.) On January 18, 2019, the Court issued the discovery and scheduling order. (ECF No. 37.) An amended discovery and scheduling order was issued on May 17, 2019, after an unsuccessful settlement conference. (ECF No. 47.)

1

On December 12, 2019, the Court issued an order to show cause why Doe Defendants Numbers 1 and 2 should not be dismissed for failure to identify and serve pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 57.)

On December 31, 2019, Plaintiff filed a motion to amend to substitute Doe Defendant Number 1 as D. Johnson, and to dismiss Doe Defendant Number 2.  (ECF No. 58.)

On January 27, 2020, the Court vacated the order to show cause and issued Findings and Recommendations to grant Plaintiff's motion to amend the complaint to identify Doe Defendant Number 1 as D. Johnson and to dismiss Doe Defendant Number 2.  (ECF No. 59.)

On February 24, 2020, the Findings and Recommendations were adopted in full.  (ECF No. 61.)

On February 25, 2020, the Court directed service on Defendant D. Johnson.  (ECF No. 62.)  On May 28, 2020, Defendant Johnson filed a timely answer to the complaint.  (ECF No. 68.)

As previously stated, on August 11, 2020, Defendant Johnson filed the instant motion to compel.  (ECF No. 69.)  Plaintiff did not file an opposition and the time to do so has expired.  Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995)

1  (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia
2  v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012)
3  (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which
4  mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012
5  WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents
6  containing information which implicated the safety and security of the prison); Orr v. Hernandez, No.
7  CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for
8  protective order and for redaction of information asserted to risk jeopardizing safety and security of
9  inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL
10 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in
11 camera review or move for a protective order).

12 However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The
13 discovery process is subject to the overriding limitation of good faith, and callous disregard of
14 discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d
15 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery
16 regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to
17 the needs of the case, considering the importance of the issues at stake in the action, the amount in
18 controversy, the parties' relative access to relevant information, the parties' resources, the importance
19 of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery
20 outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

21 Generally, if the responding party objects to a discovery request, the party moving to compel
22 bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV
23 S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at
24 *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis
25 v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).
26 This requires the moving party to inform the Court which discovery requests are the subject of the
27 motion to compel, and, for each disputed response, why the information sought is relevant and why
28 the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack,

2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.
## DISCUSSION

Defendant Johnson moves to compel Plaintiff to request to the outstanding interrogatories and requests for production. Defendant Johnson served requests for admission, requests for production and interrogatories on Plaintiff on June 9, 2020. (Mark Decl. ¶ 2, Ex. A.)

Under the Court's scheduling order, Plaintiff's responses were due in forty-five days. (ECF No. 37.) Adding three days for service by mail, Plaintiff was required to serve his responses by July 27, 2020. (Fed. R. Civ. Proc. 6.) Defendant has not received any responses from Plaintiff to date, making the responses overdue. (Mark Decl. ¶ 3.) Given Plaintiff's complete failure to respond to the discovery requests, Defendants' motion to compel Plaintiff to respond to each of Defendants' first set of interrogatories is granted.

## IV.
## CONCLUSION AND ORDER

Plaintiff is reminded of the failure to comply with a Court order, including the Court's discovery and scheduling order may result in the imposition of sanctions and dismissal of the action.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to compel discovery is GRANTED;
2. Plaintiff shall respond to Defendant Johnson's interrogatories, requests for admissions, and requests for production no later than **October 22, 2020**;
3. Defendant is granted **thirty (30)** days from the date of receipt of Plaintiff's responses to file a further motion to compel, if necessary; and

///

4. Plaintiff is admonished that his failure to comply with this order and any other order of the Court-including the scheduling order-may result in the imposition of sanctions, including dismissal of the action as authorized by Local Rule 110

IT IS SO ORDERED.

Dated: **September 22, 2020**

_____
UNITED STATES MAGISTRATE JUDGE