UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. GOMEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00125-NONE-SAB (PC)<br><br>ORDER GRANTING DEFENDANT JOHNSON'S SECOND MOTION TO COMPEL<br><br>(ECF No. 77) |

Plaintiff Mark Shane Thompson is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Johnson's motion to compel, filed January 7, 2021.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Gomez, Busby, Gray, Sazo, Weiss, and D. Johnson for excessive force in violation of the Eighth Amendment.

On January 17, 2019, Defendants Gomez, Busby, Gray, Sazo, and Weiss filed an answer to the complaint. (ECF No. 36.) On January 18, 2019, the Court issued the discovery and scheduling order. (ECF No. 37.) An amended discovery and scheduling order was issued on May 17, 2019, after an unsuccessful settlement conference. (ECF No. 47.)

1  On December 12, 2019, the Court issued an order to show cause why Doe Defendants
2  Numbers 1 and 2 should not be dismissed for failure to identify and serve pursuant to Federal Rule of
3  Civil Procedure 4(m).  (ECF No. 57.)

4  On December 31, 2019, Plaintiff filed a motion to amend to substitute Doe Defendant Number
5  1 as D. Johnson, and to dismiss Doe Defendant Number 2.  (ECF No. 58.)

6  On January 27, 2020, the Court vacated the order to show cause and issued Findings and
7  Recommendations to grant Plaintiff's motion to amend the complaint to identify Doe Defendant
8  Number 1 as D. Johnson and to dismiss Doe Defendant Number 2.  (ECF No. 59.)

9  On February 24, 2020, the Findings and Recommendations were adopted in full.  (ECF No.
10 61.)

11 On February 25, 2020, the Court directed service on Defendant D. Johnson.  (ECF No. 62.)
12 On May 28, 2020, Defendant Johnson filed a timely answer to the complaint.  (ECF No. 68.)

13 As previously stated, on August 11, 2020, Defendant Johnson filed a motion to compel.  (ECF
14 No. 69.)

15 On September 23, 2020, the Court granted Defendant Johnson's motion to compel, and
16 directed Plaintiff to respond to the discovery requests on or before October 22, 2020.  (ECF No. 70.)
17 The Court also granted Defendant thirty days from receipt of Plaintiff's responses to file a further
18 motion to compel.  (Id.)  After Plaintiff received several extensions of time, Defendant received
19 Plaintiff's responses on December 8, 2020.  (Declaration of Arthur Mark (Mark Decl.) ¶ 3, Exs. A-C,
20 ECF No. 77.)

21 As previously stated, on January 7, 2021, Defendant Johnson filed a second motion to compel
22 further responses to certain interrogatories and requests for production.  (ECF No. 77.)  Plaintiff did
23 not file an opposition and the time to do so has expired.  Local Rule 230(l).

24 **II.**
25 **LEGAL STANDARD**

26 Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of
27 confinement.  As a result, the parties were relieved of some of the requirements which would
28 otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

2

involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

### III.

### DISCUSSION

Defendant Johnson seeks to compel further responses to Interrogatories Numbers 2, 5, 9, 10, 14, Requests for Admission Number 3, and Request for Production Number 6.

**A.    Interrogatories**

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 33, 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Evasive or incomplete responses are treated as a failure to respond. Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any

objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)).

1. Interrogatory No. 2

Defendant requested that Plaintiff "describe Defendant Johnson as he appeared on May 30, 2017, including his skin color, hair color and length and height and weight?" (Mark Decl., Ex. A.)

Plaintiff responded, stating "it is him. Defendant Johnson." (Mark Decl., Ex. A.)

**Ruling:** Plaintiff's response is evasive. Therefore, Plaintiff will be compelled to provide a complete response, or state that he does not know the information requested.

2. Interrogatory No. 5

This interrogatory requested that Plaintiff "describe what you observed Defendant Johnson doing when you saw him" on the yard on May 30, 2017. (Mark Decl., Ex. A.)

Plaintiff did not respond, but instead referred Defendant to "interrogatory # 3." (Mark Decl., Ex. A.)

**Ruling:** Defendant's motion to compel a further response shall be granted. Plaintiff did not provide a proper response because interrogatory number 3 (which asked "where" Defendant Johnson was on the yard when he saw him on May 30, 2017) sought different information from interrogatory number 5. Accordingly, Plaintiff will be directed to provide a further response to this interrogatory.

3. Interrogatory No. 9

This interrogatory requested Plaintiff to "describe the area within the California Correctional Institution where YOU claim 'Rodriguez and Doe # 2 slammed you into a wall' as alleged in your Complaint." (Mark Decl., Ex. A.)

Plaintiff responded "not relevant." (Mark Decl., Ex. A.)

Ruling: Defendant's motion to compel a further response shall be granted. Plaintiff's objection is overruled as this interrogatory seeks relevant information related to his claim of excessive force. Furthermore, Plaintiff waived any objection due to his initial failure to timely respond to the interrogatories. (ECF No. 70.) Accordingly, Plaintiff will be directed to provide a further response to this interrogatory.

4. Interrogatory No. 10

This interrogatory asked Plaintiff to "describe any and all physical injuries that you claim to have sustained as a result of Defendant Johnson's alleged actions on May 30, 2017." (Mark Decl., Ex. A.)

Plaintiff did not respond. Instead, Plaintiff stated "refer to complaint and excessive force video interview." (Mark Decl., Ex. A.) Defendant argues this response is evasive because the sources referred to are not specific to Defendant Johnson.

**Ruling:** Defendant's motion to compel a further response shall be granted. Because the complaint names eight Defendants and Defendant Johnson indicates the video is not specific to him, Plaintiff's response is not responsive to the question asked. Accordingly, Plaintiff will be compelled to provide a further response to this interrogatory.

5.  Interrogatory No. 14

This interrogatory asked Plaintiff to identify witnesses he claims support his claims against Defendant Johnson by name, address and CDCR number, if applicable. (Mark Decl., Ex. A.)

Plaintiff responded by stating "all witnesses interviewed and who testified at my criminal trail [sic] in Kern County." (Mark Decl., Ex. A.)

**Ruling:** Plaintiff's response is evasive as it does not identify which witness, by name, address or DCR number that Plaintiff contends supports his claims against Defendant Johnson. Reference to a transcript of Plaintiff's criminal trial is not sufficient as it would require Defendant to search the transcript and testimony and speculate as to which of the several witnesses whom testified might arguably support Plaintiff's claims against Defendant Johnson. Accordingly, Plaintiff will be compelled to provide a further response to this interrogatory.

**B. Requests for Admission**

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

      1.     Request for Admission No. 3

This request asked that Plaintiff "[a]dmit that YOU did not hear Defendant Johnson say anything on May 30, 2017." (Mark Decl., Ex. B.)

Plaintiff objected to the request as "not relevant." (Mark Decl., Ex. B.)

**Ruling:** Defendant's motion to compel shall be granted. Plaintiff's objection is meritless as this request is clearly relevant to his excessive force claim, and Plaintiff waived any objection by his initial failure to timely respond. (ECF No. 70.) Accordingly, Plaintiff's objection is stricken and this request is deemed admitted pursuant to Rule 36(a)(3).

      **C.**     **Requests for Production**

Defendant is entitled to discovery regarding any non-privileged matter relevant to the claims and defenses in this action and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In responding to requests for production, Plaintiff must produce documents or other tangible things which are in his "possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995); see also Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007

WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

1. <u>Request for Production No. 6</u>

This request asked Plaintiff to produce copies of "any statements, declarations, affidavits, by anyone that you rely on to support your claim against Defendant Johnson in this case." (Mark Decl., Ex. C.)

In response, Plaintiff did not identify or produce any documents. (Mark Decl., Ex. C.) Rather, Plaintiff stated "witnesses attained by public defender officer in Kern County."

**Ruling:** Plaintiff's response is evasive and insufficient as he failed to identify or produce any documentation. Pursuant to Rule 34, Plaintiff is required to produce documents or, if he has no responsive documents, he must say so. Fed. R. Civ. P. 34(b)(2). Accordingly, Plaintiff will be directed to provide a further and complete response to this request for production of documents.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Johnson's motion to compel is granted;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall provide further and complete responses to interrogatories numbers 2, 5, 9, 10, 14, and request for production number 6; and
3. Plaintiff's objection to request for admission number 3 is STRICKEN, and the request is deemed admitted.

IT IS SO ORDERED.

Dated: **February 8, 2021**

UNITED STATES MAGISTRATE JUDGE