1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   MARK SHANE THOMPSON,                    )   Case No.: 1:18-cv-00125-NONE-SAB (PC)
                                             )
12                  Plaintiff,               )
                                             )   ORDER DENYING PLAINTIFF'S FOURTH
13          v.                               )   REQUEST FOR APPOINTMENT OF COUNSEL,
                                             )   WITHOUT PREJUDICE
14   A. GOMEZ, et al.,                       )
                                             )   (ECF No. 107)
15                  Defendants.              )
                                             )
16   _____ )

17          Plaintiff Mark Shane Thompson is appearing *pro se* and *in forma pauperis* in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19          Currently before the Court is Plaintiff's motion fourth request for appointment of counsel, filed

20   June 2, 2022.

21           As Plaintiff is well aware, he does not have a constitutional right to appointed counsel in this

22   action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any

23   attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District</u>

24   <u>Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional

25   circumstances the court may request the voluntary assistance of counsel pursuant to section

26   1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.  Without a reasonable method of securing and compensating

27   counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In

28   determining whether "exceptional circumstances exist, the district court must evaluate both the

                                                    1

1    likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in

2    light of the complexity of the legal issues involved." Id. (internal quotation marks and citations

3    omitted).

4            In the present case, the Court does not find the required exceptional circumstances.  Plaintiff is

5    proceeding on a claim of excessive force and the legal issues present in this action are not complex,

6    and Plaintiff has thoroughly set forth his allegations in the complaint.  Even if it assumed that Plaintiff

7    is not well versed in the law and that he has made serious allegations which, if proved, would entitle

8    him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  While

9    the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration,

10   the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v.

11   Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts

12   during litigation and a pro se litigant will seldom be in a position to investigate easily the facts

13   necessary to support the case.")  The test is whether exception circumstances exist and here, they do

14   not.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se

15   litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative

16   complexity of the matter," the "exceptional circumstances" which might require the appointment of

17   counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28

18   U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner

19   "may well have fared better-particularly in the realm of discovery and the securing of expert

20   testimony.") Although this case is currently set for jury trial, that fact, alone, does not entitle Plaintiff

21   to appointment of counsel.  Accordingly, Plaintiff's fourth motion for the appointment of counsel shall

22   be denied, without prejudice.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's fourth motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   __**June 3, 2022**__

UNITED STATES MAGISTRATE JUDGE