# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>A. GOMEZ, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00125-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL AND DIRECTING PRETRIAL STATEMENT BE FILED ON OR BEFORE **AUGUST 22, 2022**<br><br>(ECF No. 115) |

Plaintiff Mark Shane Thompson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This action is proceeding against Plaintiff's excessive force claim against Defendants Gomez, Weiss, Sazo, and Gray, and on Plaintiff's related failure to intervene claim against Defendants Johnson and Busby, arising from a takedown incident that took place on May 30, 2017.

This case is currently set for jury trial on October 17, 2022, and a pretrial hearing is set for September 2, 2022.

Currently before the Court is Plaintiff's motion to continue the trial date, filed July 28, 2022. Defendants filed an opposition on August 10, 2022. Although the time to file a reply has not expired, the Court finds a reply unnecessary and Plaintiff's motion is deemed submitted.

Courts considering a motion to continue a trial date established in a scheduling order follow the "good cause" standard of Federal Rule of Civil Procedure Rule 16(b)(4). See Zivkovic

1  v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); Uddin v. Radio Shack, Inc.,
2  No. SACV 11-0398-CAS, 2013 WL 1767963, at *2 (C.D. Cal. Apr. 22, 2013).  The good cause
3  standard under Rule 16 primarily considers the diligence of the party seeking the amendment.
4  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the
5  diligence of the party seeking the extension. Johnson v. Mammoth Recreations, Inc., 975 F.2d
6  604, 609 (9th Cir. 1992).

7        The Court does not find good cause to continue the trial date.  Plaintiff seeks a
8  continuance of the trial date to locate witnesses, put together exhibits, and to get a copy of his
9  complaint.  However, Plaintiff has failed to demonstrate due diligence, as he has not shown any
10 efforts to locate or request witnesses or have them subpoenaed for trial as set forth in the Court's
11 June 15, 2022, scheduling order.  Although Plaintiff contends that he needs time to "find out
12 where" his witnesses are located and needs assistance in doing so (ECF No. 115 at 1), the record
13 demonstrates that Plaintiff has been aware of the potential witnesses for years and has had the
14 assistance of his sister in litigating this case.  (ECF No. 93.)  Indeed, the statements submitted by
15 Plaintiff contain the full names of witnesses and their corresponding CDCR numbers.  (Id.)
16 Despite such knowledge, Plaintiff has failed to exercise due diligence in locating these witnesses.
17 Furthermore, Plaintiff has failed to demonstrate that he intends to exercise diligence in seeking to
18 locate the witnesses, as he requests, for the fifth time, that the Court appoint counsel or an
19 investigator.  (ECF No. 115 at 1.)  As stated in the Court's most recent June 3, 2022, order,
20 Plaintiff is not entitled to counsel and there is no showing that this case is exception to warrant
21 appointment of counsel.  (ECF No. 108.)  The record demonstrates that Plaintiff was well aware
22 of the need to locate witnesses and prepare for trial, without assistance, even prior to the issuance
23 of the scheduling order on June 3, 2022.  Furthermore, Defendants submit that they have been
24 working diligently in preparing this case for trial as scheduled and resetting the trial date will
25 prejudice them as Defendants and certain witnesses may not be available on a future,
26 undetermined trial date.  In contrast, Plaintiff has not filed his pretrial statement, which was due
27 on or before August 2, 2022, as set for the in the Court's June 3, 2022 scheduling order.  (ECF
28 No. 110.)  Accordingly, given the age of this case, the number of Defendants and Plaintiff's lack

of diligence, Plaintiff's motion to continue the trial shall be denied. In the interest of justice, the Court make a one-time exception and provide Plaintiff with a courtesy copy of the operative complaint to prepare for trial. Nonetheless, Plaintiff is advised that the Clerk of the Court does not ordinarily provide free copies of case documents to parties. The Clerk of Court charges $0.50 per page for copies of documents. See 28 U.S.C. § 1914(b).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to continue the trial (ECF No. 115) is DENIED;
2. The Clerk of Court shall send Plaintiff a courtesy copy of the complaint filed on January 25, 2018 (ECF No. 1);
3. Plaintiff's shall file his pretrial statement on or before **August 22, 2022**;[1] and
4. The failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of the action.

IT IS SO ORDERED.

Dated: **August 11, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] This extension does not relieve Defendants of their obligation to file their pretrial statement on or before August 16, 2022.

3