1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON, | Case No. 1:18-cv-00125-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| v. | |
| A. GOMEZ, et al., | (ECF No. 122) |
| Defendants. | |

Plaintiff Mark Shane Thompson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fifth motion for appointment of counsel, filed September 1, 2022.

As Plaintiff is well aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to

1    articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal
2    quotation marks and citations omitted).

3           In the present case, the Court does not find the required exceptional circumstances.
4    Plaintiff is proceeding on a claim of excessive force and the legal issues present in this action are
5    not complex, and Plaintiff has thoroughly set forth his allegations in the complaint.  Even if it
6    assumed that Plaintiff is not well versed in the law and that he has made serious allegations
7    which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with
8    similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to
9    his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the
10   appointment of counsel.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most
11   actions require development of further facts during litigation and a pro se litigant will seldom be
12   in a position to investigate easily the facts necessary to support the case.")  The test is whether
13   exception circumstances exist and here, they do not.  While a pro se litigant may be better served
14   with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is
15   able to "articulate his claims against the relative complexity of the matter," the "exceptional
16   circumstances" which might require the appointment of counsel do not exist.  <u>Rand v. Rowland</u>,
17   113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court
18   denied appointment of counsel despite fact that pro se prisoner "may well have fared better-
19   particularly in the realm of discovery and the securing of expert testimony.") Although this case
20   is currently set for jury trial, that fact, alone, does not entitle Plaintiff to appointment of counsel.
21   In addition, Plaintiff fails to substantiate his claim that his mental health is interfering with his
22   ability to litigate this action given the length of time this case has been pending.  Accordingly,
23   Plaintiff's fifth motion for the appointment of counsel shall be denied, without prejudice.
24   ///
25   ///
26   ///
27   ///
28   ///

1    Based on the foregoing, it is HEREBY ORDERED that Plaintiff's fifth motion for
2  appointment of counsel is denied, without prejudice.

3

4  IT IS SO ORDERED.

5  Dated:  **September 2, 2022**
                                                    _____
6                                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28