# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. GOMEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00125-SAB (PC)<br><br>ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE<br><br>(ECF No. 127) |

Plaintiff Mark Shane Thompson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This action is proceeding against Plaintiff's excessive force claim against Defendants Gomez, Weiss, Sazo, and Gray, and on Plaintiff's related failure to intervene claim against Defendants Johnson and Busby, arising from a takedown incident that took place on May 30, 2017.

The case is set for a jury trial on October 17, 2022.

Currently before the Court is Defendants' motion in limine, filed September 13, 2022. Plaintiff did not file an opposition and the time to do so has expired.

## I.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may

1

use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

## II.

## DISCUSSION

Defendants seeks to exclude: (1) plaintiff from presenting any evidence other than his own testimony, that of Defendants, and any exhibits included in Defendants' pretrial statement; (2) plaintiff from offering expert opinions; (3) plaintiff from questioning Defendants or any CDCR witness about any matters contained in Defendants' personnel records; (4) plaintiff from presenting evidence or testimony regarding his criminal case; (5) plaintiff from presenting evidence regarding the green wall; and (6) plaintiff from presenting any evidence that any damages or judgment may be paid by CDCR or the State of California. Defendants also seek to deem their undisputed facts as admitted.

### A. Limitation of Evidence Presented by Plaintiff

Here, Plaintiff failed to comply with the Court's trial scheduling order and has not filed a pretrial statement or sought the attendance of incarcerated witnesses. The deadlines to do so

have long passed—July 5, 2022 for motions for attendance of witnesses (ECF No. 11) and August 22, 2022 for the pretrial statement (extended from the initial deadline of August 2, 2022 (ECF NO. 118). Consequently, Defendants have been required to proceed to trial without the benefit of knowing what documentary evidence or witnesses Plaintiff may present at trial.

Accordingly, because Plaintiff did not file a pretrial statement, he did not disclose to Defendants any of the witnesses or exhibits he plans to introduce at trial. Thus, the Court finds that Plaintiff will be precluded from introducing any exhibits or witnesses at trial, aside from his own testimony, the testimony of Defendants, or any exhibits included in Defendants' pretrial statement. See, e.g., Garcia v. Garcia, No. 1:17-cv-01313-BAM (PC), 2021 WL 3616707, at *2 (E.D. Cal. Aug. 16, 2021) (holding that, due to pro se plaintiff's failure to file pretrial statement, plaintiff was limited to his own testimony, that of the defendants, and any exhibits identified by the defendants in their pretrial statement). In addition, the Court deems as admitted the facts listed in the "Undisputed Facts" of Defendants' pretrial statement. Fed. R. Civ. P 16(c)(2). Thus, by precluding this evidence and deeming Defendants' "Undisputed Facts" as admitted, Defendants will not be prejudiced by Plaintiff's failure to disclose the evidence he plans to introduce at trial.

Further, as it appears that Plaintiff does not know the names or locations of any witnesses he might have planned to introduce at trial, the Court finds that this sanction is not overly severe. The Court notes that the claims in this case involve whether Defendants used excessive force against Plaintiff, and Plaintiff's own testimony is likely to be the most central evidence to his case. Thus, a trial will still enable the parties to dispose of this matter on the merits. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (public policy favors disposition on the merits).

**Ruling:** Defendants' motion in limine to prevent from Plaintiff from presenting any evidence other than his own testimony, that of Defendants, and any exhibits included in Defendants' pretrial statement is granted.

///

**B.   Expert Opinion by Plaintiff**

Defendants seeks to exclude Plaintiff from offering any expert opinions or testimony regarding the California Department of Corrections and Rehabilitation policies and procedures for (1) searching inmates; (2) use of force; or (3) prison operations.  Defendants also seek to preclude Plaintiff from offering any expert opinion or testimony on (4) any alleged lasting effects of any alleged physical injures; (5) any alleged mental or emotional distress; and (6) any opinions as to causation of mental, emotional or physical injuries.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.

As a non-expert witness, Plaintiff is not qualified to offer any expert opinions in this case concerning any alleged physical injuries; or any alleged long term effects; any alleged mental or emotional injuries; the search of prison inmates, use of force, or prison operations.  Plaintiff has no training or expertise in any of these fields.

Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge.  Plaintiff also may not testify regarding his medical records.

**Ruling:**  Defendants' motion is granted.  Plaintiff may testify as to what he observed and experienced as a result of the incident on May 20, 2017; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records, medical conditions, alleged injuries, searching of inmates, use of force, or prison operations.

///

///

///

### C. Testimony Regarding Personnel Matters Involving Defendant

Defendants asks to preclude Plaintiff from questioning him about any matters contained in his personnel records, including information of a personal nature, as well as any information concerning any disciplinary actions or complaints filed against him.

Evidence is relevant if it has "any tendency to make a fact more or less probably than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to provide "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also Fed. R. Evid. 405(b) (character evidence may be admissible if it is an essential element of the claim).

Under Rule 404(b), "the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) in some cases, is similar to the offense charged." United States v. Lozano, 623 F.3d 1055, 1059 (9th Cir. 2010).

**Ruling:** Defendants' motion is granted in part. Any evidence of prior incidents involving Defendants that have no connection to whether any Defendants used excessive force on May 30, 2017 should be excluded, because that evidence has no relevancy to whether the alleged facts here occurred. Also, evidence of a prior incident cannot be used to show a propensity to cause harm to Plaintiff. Such evidence is impermissible character evidence, and is not admissible to show that any Defendant acted improperly on May 30, 2017 in this case. The Court reserves ruling on any questions or evidence, if any, that Plaintiff wishes to use to attack a witness's credibility and/or for impeachment purposes. If Plaintiff has a proffer of evidence that any witness's testimony may be impeached through evidence or questions concerning personnel records, including information of a personal nature, as well as any information concerning any disciplinary actions or complaints filed against him, he may request a conference to be held

outside of the presence of the jury. The Court will then hear the proffer, and make a ruling on whether such evidence is proper.

### D. Evidence Regarding Plaintiff's Criminal Case

Defendants seek exclude any mention of and evidence and testimony regarding Plaintiff's criminal case.

Plaintiff was criminally charged in the Kern County Superior Court for battery by a prisoner and resisting an officer based on the May 30, 2017 incident forming the basis of Plaintiff's civil claims in this case.[1]  Because the prosecution failed to prove its case against Plaintiff beyond a reasonable doubt, the jury returned a non-guilty verdict.

The Ninth Circuit has explained, "[e]vidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt. Borunda v. Richmond, 885 F.2d 1384, 1387 (9th Cir. 1988). Unlike in a criminal case where the standard of proof is high (beyond a reasonable doubt), the standard of proof in a civil case is lower (preponderance of the evidence).  See California ex re. Cooper v. Mitchell Bros.' Santa Ana Theater, 454 U.S. 90, 93 (1981) (explaining the standards of proof for civil and criminal cases).

In this case, Plaintiff has the burden of proving to the jury by a preponderance of the evidence that Defendants are liable on each of his civil rights claims.  As to establishing Defendants' liability on the constitutional questions to be raised at trial, the Court agrees with Defendants that Plaintiff's "guilt" or "innocence" is not relevant. See, e.g., White v. McKinley, 2009 WL 813001, at *11 (W.D. Mo. Mar. 26, 2009) (section 1983 plaintiff's "guilt or innocence in the criminal trials ... not relevant to the ultimate issues of this case whether [defendant], in bad faith, deprived White of a fair trial and conspired ... to do so"), aff'd 605 F.3d 525 (8th Cir. 2010).  Plaintiff has not shown that his acquittal is relevant to damages on his excessive force claim, and assuming arguendo its admission is relevant to the use of force issue, any

---

[1] People v. Thompson, Kern County Superior court, Case NO. MF012783A.

"probative value is substantially outweighed by a danger of ... unfair prejudice ... [and/or] misleading the jury." Fed. R. Evid. 403; Borunda, 885 F.2d at 1387; see also Mullins v. City of Philadelphia, 287 Fed.Appx. 201, 203-04 (3rd Cir. 2008) ("The standards of proof in the criminal case and in this civil case are different.") (affirming denial of the plaintiff's motion to admit evidence of his acquittal in subsequent civil rights action).

**Ruling:** Defendants' motion in limine is granted, and Plaintiff is prevented from presenting any evidence regarding his criminal conviction.

### E.     Evidence Regarding Green Wall

Defendants seek to exclude any mention, reference, or suggestion to a "Green Wall Gang" of CDCR officers or staff or similar evidence or argument of corruption in CDCR, general accusations of mistreatment of Plaintiff or other inmates or other complaints about conditions of confinement.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the only issues to be decided are whether Defendants Gomez, Weiss, Sazo, and Gray used excessive force and whether Defendants Johnson and Busby failed to intervene. Testimony or arguments regarding "green wall camaraderie" or conspiracy amongst correctional officers are not pertinent to Plaintiff's claims of excessive force by Defendants. Fed. R. Evid. 401. Moreover, any evidence or arguments regarding a conspiracy or of coconspirators likely would cause confusion of the issues and mislead the jury. Fed. R. Evid. 403.

**Ruling:** Defendants' motion in limine to preclude testimony or argument regarding "green wall camaraderie" or a conspiracy, including the use of the phrase "green wall" camaraderie" is GRANTED. However, Plaintiff is not precluded from arguing that correctional

officers who testify and support Defendants, if any, are biased or are not truthful because of their work or personal relationships with Defendants.

### F.  Evidence State May Pay The Judgment Or Reimburse Defendants

Defendants seeks to exclude Plaintiff from presenting or eliciting testimony that Defendants will be indemnified by the State if judgment is rendered against them under Rule 411 of the Federal Rules of Evidence.  Defendant submits this evidence is both irrelevant and prejudicial.  Jamison v. A.M. Byers Co., 330 F.2d 657, 661-662 (3d Cir. 1964).  The evidence is prejudicial because a jury is more inclined to find a verdict against a defendant if it believes that he is indemnified than would be the case if it were understood that the defendant alone would be required to satisfy the judgment.  Langley v. Turner's Express, Inc., 375 F.2d 296, 297 (4th Cir. 1967).

**Ruling:** Defendants' motion in limine is granted, as information regarding whether the State or CDCR would pay a verdict or reimburse Defendants for any compensatory damage award, if any, is not relevant to Plaintiff's claim.  Fed. R. Evid. 401.

### G.  Deem Defendants' Undisputed Facts as Admitted

Defendants move to deem the undisputed facts set forth in their pretrial statement (ECF No. 119) and the pretrial order (ECF No. 125) as admitted.

As stated above under section A, Plaintiff failed to file a pretrial statement and did not disclose any evidence he may introduce at trial.  Fed. R. Civ. P. 16(c0(20(C).  Thus, it is an appropriate sanction, short of dismissal, for Plaintiff's failure to adhere to court orders and prosecute his case, to deem the undisputed facts set forth in Defendants' pretrial statement and pretrial order admitted.

///

///

///

///

///

**Ruling:** Defendants' motion in limine is granted and the undisputed facts set forth in their pretrial statement and the Court's pretrial order are deemed admitted.  However, this motion is granted without prejudice upon a good cause showing, made outside the presence of the jury, that the fact is in fact disputed.  Until then, the Court grants Defendants' motion.

IT IS SO ORDERED.

Dated:   **September 29, 2022**

UNITED STATES MAGISTRATE JUDGE