# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. GOMEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00125-SAB (PC)<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO APPEAR FOR JURY TRIAL, AND GRANTING DEFENDANTS FOURTEEN DAYS TO FILE BILL OF COSTS |

　　　　Plaintiff Mark Shane Thompson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　This case was scheduled for jury trial on October 17, 2022, at 8:30 a.m., and the case was called to proceed to trial on this date. Defense counsel Arthur Mark, Gracie Pollard and Olena Likhachova appeared, as well as Defendants J. Busby, A. Gomez, C. Gray, D. Johnson, Y. Sazo and E. Weiss. However, Plaintiff failed to appear for the jury trial, despite the fact that a writ of habeas corpus ad testificandum was issued on September 15, 2022, ordering his appearance. (ECF No. 130.). The defendants were ready to proceed to trial.

　　　　Defendants orally requested that the case be dismissed, with prejudice, for Plaintiff's failure to appear which was granted, and the Court determined Defendants are the prevailing party.

///
///
///
///

# I.

# DISCUSSION

### A. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such a dismissal is considered an adjudication on the merits. Id. Under this rule, plaintiffs must prosecute their claims with "reasonable diligence" to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link v. Wabash R. Co., 370 U.S. 626, 629–630 (1962).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders or the local rules, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226–1228, 1234–1252 (9th Cir. 2006)(discussing and applying those factors). In the Ninth Circuit, a finding of willfulness or bad faith is not required to dismiss an action under Rule 41(b). Henderson, v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986) (holding that no showing of bad faith was required or dismissal under Rule 41(b) for failure to prosecute).

Regardless of whether a litigant's conduct is characterized as failure to prosecute, failure to comply with a court order, or violation of a local rule, the applicable standard is the same. See, e.g., Pagtalunan v. Galaza, 291 F.3d 639, 641–642 (9th Cir.2002) (failure to prosecute and to comply with court order); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute); see also Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (stating that "[t]he standards governing dismissal for failure to obey a court order are basically the same" under Rule 41(b) and Rule 16(f)(4).).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Here, Plaintiff failed to appear for the jury trial in this action and failed to prosecute his case, despite being ordered to do so.[1] Plaintiff's failure to prosecute this action and appear for the jury trial prohibits the ability to resolve this action. This action can proceed no further without Plaintiff's cooperation and compliance with court orders and his failure to comply indicates Plaintiff does not intend to litigate this action.

Since Plaintiff does not intend to litigate this action there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Defendants have unquestionably been prejudiced by Plaintiff's failure to appear at trial. Specifically, Defendants expended time and incurred substantial costs in preparing their case, arranging for witnesses to travel and testify, appearing for trial on October 17, 2022. Indeed, all six Defendants, as well as defense counsel, appeared in-person on October 17, 2022, and were ready to proceed with the jury trial. Thus, Defendants have clearly been prejudiced by Plaintiff's failure to appear for the jury trial.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. Plaintiff's failure to appear at trial undermined the orderly administration of justice and resulted in the expenditure of irreplaceable judicial resources. It is Plaintiff's responsibility to move this action forward as he filed this case and requested a jury trial. This case cannot simply remain idle on the Court's docket, unprosecuted. Thus, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. Here, the Court's October 6, 2022, order specifically warned Plaintiff that his failure to be

---

[1] Plaintiff also failed to file a pretrial statement, when ordered to do so (ECF Nos. 110, 118), and he did not file any opposition to Defendants' motion in limine.

1 transported for the jury trial to begin on October 17, 2022, would result in dismissal of the
2 action, with prejudice. (ECF No. 136.) Thus, Plaintiff had adequate warning that dismissal
3 would result from his noncompliance with the Court's order. Accordingly, dismissal of the
4 action, with prejudice, is warranted. See, e.g., Noli v. Comm'r, 860 F.2d 1521, 1527 (9th Cir.
5 1988) ("[D]ismissal for failure properly to prosecute will normally arise where a party fails to
6 appear at trial[.]"); Lewis v. Rawson, 564 F.3d 569, 580 (2d Cir. 2009) ("[i]t is beyond dispute ...
7 that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward
8 with a properly scheduled trial."); Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 364 (6th Cir.
9 1999) ("Where a plaintiff does not appear at the trial date or ... is inexcusably unprepared to
10 prosecute the case, Rule 41(b) dismissal is particularly appropriate. Indeed, such behavior
11 constitutes the epitome of a 'failure to prosecute.'"); Owen v. Wangerin, 985 F.2d 312, 317 (7th
12 Cir. 1993) ("The remedy [of dismissal] is usually applied when the plaintiff is not ready for trial
13 or fails to appear."); DuBose v. State of Minn., 893 F.2d 169, 171 (8th Cir. 1990) (dismissal
14 warranted where plaintiff "did not appear for trial even though he had been informed of the trial
15 date on three occasions.").

16     **B.**    **Civil Contempt**

17 Alternatively to the above dismissal, district courts have inherent power to hold a party
18 in civil contempt for violating a court order. See, e.g., Calif. Dept. of Social Servs. v. Leavitt,
19 523 F.3d 1025, 1033 (9th Cir. 2008) ("There is no question that courts have inherent power to
20 enforce compliance with their lawful orders through civil contempt."); Gifford v. Heckler, 741
21 F.2d 263, 265 (9th Cir. 1984) ("A district court has the power to adjudge in civil contempt any
22 person who willfully disobeys a specific and definite order of the court."). District courts have
23 broad discretion in deciding whether to exercise their inherent contempt power. Lasar v. Ford
24 Motor Co., 399 F.3d 1101, (9th Cir. 2005).

25 Unlike sanctions for criminal contempt, which are punitive and meant to punish, U.S. v.
26 Ayres, 166 F.3d 991, 995 (9th Cir. 1999), sanctions for civil contempt are remedial in
27 nature. United States v. Bright, 596 F.3d 683, 695-96 (9th Cir. 2010). "Given the remedial
28 purpose of the sanction, a finding of contempt must be accompanied by conditions by which the

contempt may be purged," and the contempt must be lifted if the conditions are met. Bright, 596 F.3d at 696.

Civil contempt is established when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." Reno v. Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006); see also In re Dual-Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993). In the Ninth Circuit, "[t]he standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." Fed. Trade Comm'n v. Affordable Media LLC, 179 F.3d 1228, 1239 (9th Cir. 1999). In addition, the moving party must also demonstrate by clear and convincing evidence that the violation was "beyond substantial compliance" and was "not based on a good faith and reasonable interpretation of the order." Bright, 596 F.3d at 694; see also In re Dual-Deck, 10 F.3d at 695.

If the moving party meets its burden, the burden then shifts to the alleged contemnor to show a present inability to comply. Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629-30 (9th Cir. 2016); United States v. Drollinger, 80 F.3d 389, 393 (9th Cir. 1996). If compliance is factually impossible, "neither the moving party nor the court has any reason to proceed with the civil contempt action." United States v. Rylander, 460 U.S. 752, 757 (1983). Present inability to comply is therefore a complete defense to a finding of civil contempt. Drollinger, 80 F.3d at 393.

"A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for the losses sustained." Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016) (quotations omitted); see also In re Dyer, 322 F.3d 1178, 1192 (9th Cir. 2003) ("Civil penalties must either be compensatory or designed to coerce compliance.")

Here, Plaintiff intentionally and willfully failed to comply with the Court's September 15, 2022, order directing his appearance for the jury trial in his civil rights action filed pursuant to 28

1 U.S.C. § 1983. (ECF No. 130.) Faced with notice of Plaintiff's refusal to be transported for his civil jury trial, the Court issued a subsequent order directing his appearance at the October 17, 2022 jury trial and specifically advised Plaintiff that his failure to be transported would result in dismissal of the action, with prejudice. (ECF No. 136.) Defendants subsequently filed two separate status reports reflecting Plaintiff's intentional refusal to be transported for trial, despite the direct orders to do so. (ECF Nos. 141, 142.) Defendants submitted the declaration of correctional counselor II T. Trenda who declared that she interviewed Plaintiff on October 12, 2022, and he "confirmed that he refused to be transported to California State Prison-Corcoran for trial in this case. (Declaration of T. Trenda ¶ 3, ECF No. 141-1.) Plaintiff told counselor Trenda, "I'm not going so don't wake me up." (Id. ¶ 4.) Defendants also submitted the declaration of a transportation officer at California State Prison-Los Angeles County, where Plaintiff is currently housed, who declared that when officer attempted to transport Plaintiff for trial, he refused stating: "I refuse, I am not going. I don't want to [board] and stuck in Administrative Segregation without my T.V. property and hygiene products." (Declaration of J. Orellana, Ex. A, ECF No. 142.) Plaintiff acknowledged that his case would be dismissed if he did not appear in court. (Id.) Thus, it is clear that Plaintiff intentionally violated the Court's orders to appear for his own jury trial.

**C.  Costs**

As Plaintiff intentionally failed to appear for his civil jury trial and the case could not proceed without his presence resulting in dismissal of the action, with prejudice, Defendants are the prevailing party under Rule 54(d) which entitles them to costs. See Fed. R. Civ. P. 54(d)(1); Miles v. State of California, 320 F.3d 986, 989 (9th Cir. 2003) ("The Supreme Court has squarely held that there is a 'prevailing party' when there has been a 'material alteration of the legal relationship of the parties.'") (citing Buckannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res., 532 U.S. 598, 603 (2001)); see also Association of Mexican-American Educators v. State of California, 231 F.3d 572, 593 (9th Cir. 2000) ("Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case."). I find that the dismissal with prejudice based upon the Plaintiff's willful failure

to appear constitutes a material alteration of the legal relationship of the parties" justifying costs to the defendants.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant action is dismissed, with prejudice, for Plaintiff's failure to appear for his jury trial on October 17, 2022; and
2. Within fourteen (14) days from the date of service of this order, Defendants may submit a bill of costs as the prevailing party in this action.

IT IS SO ORDERED.

Dated:  **October 17, 2022**

UNITED STATES MAGISTRATE JUDGE