# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>A. GOMEZ, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00125-SAB (PC)<br><br>ORDER GRANTING, IN PART, DEFENDANTS' BILL OF COSTS<br><br>(ECF No. 149) |

On October 17, 2022, the instant action filed pursuant to 42 U.S.C. § 1983 was dismissed, with prejudice, for Plaintiff's failure to appear for jury trial and judgment was entered in favor of Defendants. (ECF Nos. 144, 145.)

On October 31, 2022, Defendants filed a bill of costs. (ECF No. 149.) Plaintiff has not filed a response and the time to do so has now passed. Fed. R. Civ. P. 54(d).

**I.**

**DISCUSSION**

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003) (citations omitted).

If the court declines to award costs to the prevailing party, it "must specify reasons for its refusal to award costs." Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (citation omitted). However, there is no need for the court to "specify reasons for its *decision* to abide [by] the presumption and tax costs to the losing party." Save Our Valley, 335 F.3d at 945 (emphasis in original). In the civil rights context, a trial court abuses its

discretion if it denies a plaintiff's motion to retax costs without considering (1) the plaintiff's limited financial resources; and (2) "the chilling effect of imposing ... high costs on future civil rights litigants" who otherwise would be "willing to test the boundaries of our laws." Stanley v. Univ. S. Cal., 178 F.3d 1069, 1079-80 (9th Cir. 1999).

When this Court entered judgment in Defendants' favor, Defendants are the prevailing party as required under Federal Rule of Civil Procedure 54(d). In cases brought under § 1983, a plaintiff is considered to have prevailed if the legal relationship between the parties has been materially altered and if he or she has obtained at least some relief on the merits of the claims. Farrar v. Hobby, 506 U.S. 103, 111–12 (1992).

Defendants' bill of costs shall be granted, in part.  Although Plaintiff is proceeding in forma pauperis in this action, the Court finds that the reduced amount of $1,917.43 should be taxed because he acted in bad faith by failing to prosecute this action.  Defendants request a total of $3,597.43 in costs to be taxed against Plaintiff.  Defendants specifically seek: (1) $328.59 in witness fees; (2) $1,497.80 for transcript of Plaintiff's deposition; (3) $1,680.00 for transcript of Plaintiff's criminal proceedings; (4) $71.04 in photocopy fees; and (5) $20.00 docket fee.  (ECF No. 149.)  Given the strong presumption in favor of awarding costs to the prevailing part, the Court finds that the expenses of $1,917.43 are reasonable given the circumstances of this case. Plaintiff's intentional failure to appear for his jury trial and adjudicate his case hindered the Court's ability to proceed with other righteous cases that are also pending before it.  The amount imposed is relative small given the amount of money necessary for Defendants to defend this action and it is not a case "where severe injustice will result from an award of costs." Save Our Valley, 335 F.3d at 945.  Thus, the Court finds that an award of costs against Plaintiff in the amount of $1,917.43 will not chill the rights of future civil rights litigants.  However, the Court finds that expenses in obtaining the transcript of the state court proceedings regarding Plaintiff's criminal matter should not be taxed as such transcripts were not necessary in defending this section 1983 action.  Accordingly, Defendants' bills of costs is granted, in part.

///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' bill of costs is granted in part; and

2. Costs are awarded to Defendants in the amount of $1,917.43.

IT IS SO ORDERED.

Dated:   **December 1, 2022**

UNITED STATES MAGISTRATE JUDGE